CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
February 12, 2026
LAURA A. AUSTIN, CLERK
BY: s/ K. SAVILLE
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **Case No. 7:26-mj-00022** |
| **V.** | ) | |
| | ) | |
| **MICHAEL ANTONIO DAVID, JR.** | ) | |

**ORDER**

This matter comes before the Court on its own initiative. Pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, the Court hereby **ORDERS** the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement may result in serious consequences, up to and including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the court.

Having given counsel for the United States the oral admonition required by the Due Process Protections Act, this Order serves as a reminder of prosecutorial obligation and duties in accordance with Fed. R. Cr. P. 5(f).

It is so **ORDERED**.

Entered: February 12, 2026

C. Kailani Memmer
United States Magistrate Judge