IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 7:26-cr-00006 |
| | ) | |
| | ) | |
| MICHAEL ANTONIO DAVID, JR. | ) | |

DEFENDANT'S MOTION TO SUPPRESS

Michael Antonio David, Jr., pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure and other applicable law moves the Court to suppress the use as evidence of two guns and contents of the cellular phone taken from a motor vehicle he drove on February 7, 2025, on the private driveway of the residence at 2416 Orange Avenue, N.W., Roanoke, Virginia, pursuant to a search that was conducted without a warrant, and where no valid exception to the warrant requirement applied. *See Arizona v. Gant*, 556 U.S. 332 (2009). Mr. David also moves the Court to suppress any statements elicited from him as a consequence of this illegal search. *Wong Sun v. United States*, 371 U.S. 471 (1963). This motion rests on the grounds that follow:

1. On or about February 7, 2025, police observed Mr. David operating a car with the renter's permission in the City of Roanoke. David was accosted by police while he was walking to the entrance of the residence at 2416 Orange Avenue, N.W., where the car officers observed him driving earlier was parked in the driveway.

2. David had a reasonable expectation of privacy in the interior of the car. *Byrd v. United States*, 584 U.S. 395 (2018).

3. The residents of 2416 Orange Avenue, N.W., and their guests, had a reasonable expectation of privacy in the curtilage of the residence, including the driveway. *Florida v. Jardines*, 569 U.S. 1 (2013).

4. Officers detained David for an extended period of time without a warrant and without probable cause or reasonable suspicion to believe the automobile they saw him drive earlier contained contraband or evidence of a crime.

5. David denied the officers' request that he consent to their search of the car.

6. Officers' detention of David was a warrantless "seizure" within the meaning of the Fourth Amendment.

7. Even if officers' initial seizure and detention of David were constitutional at the outset, to issue him a citation for driving on a revoked license, their subsequent conduct violated the Fourth Amendment.

8. Officers detained David for an extended, unreasonable period while they waited for the arrival of a canine specifically trained to detect the presence of controlled substances.

9. Officers prolonged David's detention well beyond the point necessary to issue him a citation.

10. The canine handler told agents on the scene that his dog positively alerted, giving them authority to search the car. The dog's training was insufficient to make the "alert" legitimate, and the handler improperly coaxed the dog to "alert." The handler's instruction to the other officers that they could search the car was therefore not based on probable cause.

11. By detaining David for an unreasonable period while they awaited the canine and then searching the car officers violated his rights under the warrants clause of the Fourth Amendment

as construed and applied in controlling case law, including *Rodriguez v. United States*, 575 U.S. 348 (2015) and *United States v. Bowman*, 884 F.3d 200 (4th Cir. 2018).

Wherefore, the Court should suppress and exclude from trial any and all evidence seized from the car searched by police on or about February 7, 2025, including the two guns police found in the console, and the fruits of that unlawful search, including any statements elicited from David as a consequence of this illegal search.

Respectfully Submitted,

By: s/ Heidi I. Bohn

Heidi I. Bohn
Virginia State Bar No. 98916
Federal Public Defender's Office
210 First Street SW, Room 400
Roanoke, Virginia 24011
Ph. (540) 777-0880
Fax (540) 777-0890

*Counsel for defendant Michael Antonio David, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Office of the United States Attorney this 13th day of April, 2026.

*Heidi Bohn*

Heidi Bohn