Defense Exhibit A

FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF VIRGINIA
210 FIRST STREET, SW, SUITE 400
ROANOKE, VIRGINIA 24011
(540) 777-0880
FAX: (540) 777-0890

Heidi Bohn
Assistant Federal Public Defender
(540) 777-0888 (Direct)

Mary E. Maguire
Federal Public Defender
(540) 777-0895

---

March 23, 2026
Dear AUSA John Beamer,
Via email to john.beamer@usdoj.gov
Re: *United States v. Michael Antonio David, Jr.*

I am writing you to formally request all discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as all materials which are discoverable pursuant to other statutes and case law, *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Giglio*, 405 U.S. 150 (1982), and their progeny, and 18 U.S.C. § 3500.

This request encompasses information both within the possession of federal agents, and within the possession of state agents, agencies, and offices with whom you or your agents have been working in the course of the investigation of this matter.

## I. 4th Amendment and K9 Records

Please provide the following for the date February 7, 2025, (the day of the traffic stop in this case):

1. K9 Officer Jeffrey Cobb's body worn camera footage
2. To the extent that Officer Cobb does not have body camera footage, please provide his agency's body worn camera policy
3. Dispatch records for K9 Officer Jeffrey Cobb
4. Phone records for K9 Officer Jeffrey Cobb (Cobb's report says, "I was contacted by det. Newman in regards to Vadar and responded to traffic stop" but doesn't specify whether that was by phone or radio)
5. Phone and radio records of Detective Robert Newman's call to K9 Officer Jeffrey Cobb (Newman's report says "I called a K9 officer to the scene" but doesn't specify whether that was by phone or radio.
6. Any and all reports written by Officer Cobb or any other person regarding K9 Vadar's activities on this day.
7. K9 Vadar's work schedule the week of February 7, 2025.

8. Any and all records showing Officer Cobb's experience and training as a K9 officer/handler.
9. Any and all records showing Officer Cobb's experience and training as it relates to K9 Vadar specifically.
10. Any Roanoke Police Department SOPs, directives, training manuals, and policies related to the use of K9s.

Please provide the following for K9 Vadar:

1. Any and all training records for Officer Vadar.
2. Any and all certifications for Officer Vadar.
3. Any and all records explaining the meaning of the particular trainings and certifications Officer Vadar has.
4. Any and all field performance records for Officer Vadar.
5. Any and all records showing how long Officer Vadar's certifications are valid.
6. Any and all precertification records for Officer Vadar.
7. Any and all on-going training records for Officer Vadar.
8. Any and all deployment records for Officer Vadar.
9. Any records showing false alerts by Officer Vadar.
10. Any records showing alerts by Officer Vadar without illegal contraband having been found.
11. Records showing where and when Officer Vadar was purchased.
12. Please provide us with the type of "alert" K9 Vadar is trained to use.
13. A record of all things, including specific types of narcotics, K9 Vadar is trained to detect, and how long that expertise remains valid.
14. Any other records related to Officer Vadar's training and experience.

General discovery request:

1. Please provide any and all dispatch and phone records by any law enforcement personnel involved in the investigation, stop, seizure, and arrest of Michael David and Jaquan Taylor in this case.
2. Please provide the defense with an opportunity to examine the firearms seized in this case.

## II. Mr. David's Statements

Please provide any relevant written or recorded statement Mr. Michael David made, within the government's possession, custody, or control, the existence of which is known or by the exercise of due diligence may become known, to you or any other government attorney. Fed. R. Crim. P. 16(a)(1)(B)(i).

Please provide that portion of any written record containing the substance of any relevant oral statement Mr. Michael David made whether before or after arrest in response to interrogation by an individual Ms. Jackie Cayton knew to be a government agent at that time. Fed. R. Crim. P. 16(a)(1)(B)(ii).

Please provide any oral statement Mr. Michael David made whether before or after arrest in response to interrogation by an individual he knew to be a government agent at the time if the government intends to use the statement at trial, including for impeachment or during rebuttal. Fed. R. Crim. P. 16(a)(1)(A).

Please provide a copy of the grand jury transcript related to the charged offense. Fed. R. Crim. P. 16(a)(1)(B)(iii).

## III. Mr. Michael David's Prior Record

Please provide a copy of Mr. Michael David's prior criminal record, arrests, and convictions, if any, which are in the government's possession, custody, or control, if the government knows or through due diligence could know exist.

## IV. Documents and Tangible Evidence

Please provide any books, papers, documents, notes, photographs, tangible objects, copies or portions thereof, or make available for my inspection any buildings or places, which are in the government's possession, custody, or control and which are material to the preparation of Mr. Michael David's defense, or if the government intends to use the evidence in its case-in-chief at trial, or the government obtained from or that belong to Mr. Michael David. Fed. R. Crim. P. 16(a)(1)(E).

## V. Reports of Examinations and Tests

Please provide or make available any reports of examinations and tests. Specifically, I request the results or reports of any physical or mental examination of any scientific test or experiment, or copies thereof, which are in the government's possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, to you or to any other attorneys for the government, and which are material to Mr. Michael David's defense or which the government intends to introduce in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F).

If any of these materials are created at a later time, please provide them as soon as they are complete, and in sufficient time for us to incorporate the material into our trial preparation, including the possible need to seek alternative testing or the assistance of experts to examine the material provided or to testify about the material provided.

## VI. Expert Witnesses

Please provide me a written summary of any testimony that the government intends to use in its case-in-chief under Federal Rule of Evidence 702, 703, or 705. The summary must describe the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications to comply with the rules. Fed. R. Crim. P. 16(a)(1)(G).

## VII. *Jencks* Material

I understand that the government does not have an obligation to provide me with the statements of its witnesses until those witnesses have testified in court. However, please allow this letter to notify you that I intend to ask for the statements of all witnesses you call at any hearing. Further, it is not enough that you provide me with any statements you have if you have not made an affirmative attempt to collect the witness's statements. I am requesting that you do so and provide those statements prior to any hearing governed by Rule 26.2 or 18 USC § 3500 or, at a minimum, after such a witness has testified. If, however, we receive statements after a direct examination, I will request a continuance or recess to review the material.

## VIII. *Brady* and *Giglio* material

I am specifically requesting any information that would tend to negate the government's evidence or help to impeach any witness, including information that demonstrates bias, and any other information favorable toward guilt or innocence or that may lead to the discovery of any such information.

As you undoubtedly are aware, *Brady* material is in the possession of the government even when it is held by any another agency which has been involved in the investigation. *United States v. Robinson*, 627 F.3d 941, 951 (4th Cir. 2010). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419 (1995). The prosecutor's discovery obligations extend to documents and information in the control of government agencies both within and outside of this district where "the prosecutor has knowledge and access to" such materials. *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989); *United States v. Rawle*, 927 F.2d 597, (4th Cir. 1991) (Table Opinion) (citing *Bryan* with favor); *Walker v. Lockhart*, 763 F.2d 942, 958 (8th Cir. 1985) ("Police are treated as an arm of the prosecution for Brady purposes"); *see also United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991) (prosecutor must search local records for information about key witness' background). The prosecution must make a "reasonable effort" to aid the defense in obtaining such information which relates to favorable evidence and witnesses. *United States v. Hernandez-Gonzalez*, 608 F.2d 1240, 1246 (9th Cir. 1979).

When the defense makes a specific request for *Brady* information, and there is a "substantial basis for claiming [the information requested is] material [ ]" . . . "the failure to make any response is seldom, if ever excusable." *See United States v. Agurs*, 427 U.S. 97, 106 (1976). If you disagree that any of the requested information should be disclosed, we

respectfully request that you submit the information to the Court for in camera review. See *Pennsylvania v. Ritchie*, 480 U.S. 39, 54 (1987).

As you know, it is not enough for the government merely to collect information from its agents or witnesses and pass that on to the defense. Prosecutors have an affirmative duty to seek out *Brady* and *Giglio* information and provide it. *See Kyles v. Whitley*, 514 U.S. 419, 432 – 33 (1995); USAM 9-5.001(B)(2) ([i]t is the obligation of federal prosecutors . . . to seek all exculpatory and impeachment information from all the members of the prosecution team [which includes] federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant").

As this case continues, I will request additional discovery pursuant to the Rules and to *Brady* and *Giglio* to ask for items specifically favorable to my client. The following types of information, however, are *nearly always* exculpatory and I am specifically requesting to be provided with them:

1) Favorable witness statements, including negative exculpatory statements (statements that fail to mention my client being responsible or culpable with respect the charges).
2) The existence of witnesses favorable to the defense.
3) Test results that do not implicate my client as being responsible or culpable with respect to the charged offenses.
4) Any information that tends to cast doubt on a witness's credibility, including:
    a. Lies told by the witness.
    b. Prior inconsistent statements of the witness.
    c. Evidence that the witness may be hostile to the defense.
    d. Evidence that casts doubt on the ability of the witness to observe, recall, or recount any observations the witness made.
    e. Evidence that is inconsistent with any witness's testimony.
    f. Any evidence that a witness was offered a reward, whether formally or informally, in exchange for the witness's testimony.
    g. Information concerning any bad acts committed by the witness that may relate to the witness's credibility.
    h. Prior convictions of the witness.
    i. Any presentence reports of witnesses or codefendants that include exculpatory information.
    j. Reports of polygraph examinations performed on any government witnesses.
    k. Records of any psychiatric treatment a witness may have received.
    l. Information that a witness is on probation or parole.
    m. Information suggesting any witness is or was acting as an informant or is or was in a witness protection program.
    n. Any threats made in relation to a witness's testimony.
    o. Any informant witness's tax returns.
    p. Information that a witness is the target or subject of any investigation.

    q. Information within personnel files of government witnesses that relates to the witness's credibility, ability to perceive, recall, and recount evidence, or any information that the witnesses has been reprimanded or punished for official misconduct.

5) The names and contact information for people the government does not intend to call as witnesses but may have knowledge of the charged offenses.
6) Physical evidence inconsistent with the government's theory.
7) Any evidence of other crimes not attributed to my client which may raise an inference that another individual(s) is responsible for the charged offenses.
8) Because *Brady* material also relates to potential punishment, please provide any information that might help to reduce any potential sentence my client receives, whether pursuant to 18 USC 3553(a) or any guideline provision, including:
    a. Evidence suggesting my client has a mitigating role in the offense.
    b. Any evidence suggesting any counts should be grouped.
    c. Any evidence showing my client has accepted responsibility.
    d. Any evidence suggesting my client's criminal record substantially over- represents the seriousness of his history or likelihood of recidivism.
    e. Any evidence that suggests my client may be eligible for the safety-valve provision.
    f. Any evidence that my client provided substantial assistance to authorities.
    g. Any mitigating evidence not otherwise adequately considered under the guidelines.
    h. Any evidence suggesting my client's actions were provoked by any victim's unlawful conduct.
    i. Any evidence suggesting my client may have committed the offense to avoid a perceived greater harm.
    j. Any evidence suggesting my client acted under coercion or duress.
    k. Any evidence of my client's diminished capacity.
    l. Any voluntary disclosure of the offense. And,
    m. Any evidence suggesting my client's actions were aberrant behavior.

Thank you for your attention to these requests. If you do not believe any of the requested material is discoverable or disclosable, please let me know and provide any responsive material to the court to consider for *in camera* review. *See United States v. Abdallah*, 911 F.3d 201, 217 – 19 (4th Cir. 2018).

Please consider this request to continue for the duration of my client's case—including during any pending appeal—and please consider the request for exculpatory information to continue indefinitely.

Heidi Bohn

Counsel for Mr. David