CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 05, 2026
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:26-cr-00006** |
| | ) | |
| **MICHAEL ANTONIO DAVID, JR.** | ) | |

# ORDER

Before the Court is Defendant Michael Antonio David, Jr.'s motion to compel production of communications between law enforcement officers involved in the February 7, 2025, traffic stop that forms the basis of this prosecution. Dkt. 66. A hearing was held on June 4, 2026, at which time I addressed the discovery dispute and directed the Government to respond to the motion to compel within seven days. This Order memorializes the Court's findings and directives.

## I. BACKGROUND

Beginning March 2026, David made various requests for discovery that potentially encompass communications between officers and detectives involved in his February 7, 2025, stop.[1] In response, the Government represented that the substance of any such communications was reflected in the officers' written reports, body-worn camera footage, and dash-camera recordings, and that it had located no additional written or recorded statements. The Government further represented that the case agent had asked officers whether any relevant communications existed, and the officers reported that none did. No search of any device was conducted at that time.

---

[1] The communications need not have been sent or received on February 7, 2025 to be discoverable.

On June 3, 2026, David identified body-worn camera footage showing officers sending and receiving text messages during the traffic stop that appeared to relate to the encounter. He inquired about these messages, and the Government produced three sets of text messages exchanged between officers involved in the stop. At a status conference held the same day, the Government disclosed that several officers had used personal phones to communicate about the stop, and that some of these personal phones were set to automatically delete text messages after one year. The Government also acknowledged that it had not previously attempted to search any officer's phone but instead relied on officers' self-reporting that no relevant communications existed. David subsequently filed the present motion to compel production of all discoverable communications.

At the June 4, 2026, hearing, testimony was given by Task Force Officer Stephen Foster, the lead case agent. TFO Foster testified that he was unaware or unable to recall the existence of the text messages until he was notified on June 3, 2026. At the request of the U.S. Attorney's Office to obtain relevant communications by or between officers, TFO Foster searched certain officers' phones and took screenshots of text messages discussing David and the traffic stop, which were produced to David. No forensic extraction was attempted, and not all relevant officers' phones were searched.

Given the late discovery of these communications and the Government's failure to conduct any meaningful search until prompted by David more than a year after the stop, I continued the suppression hearing previously scheduled for the same day pending resolution of the motion to compel.

## II. ANALYSIS

The Government has an affirmative duty under *Brady v. Maryland*, 373 U.S. 83 (1963),

and *Giglio v. United States*, 405 U.S. 150 (1972), to disclose exculpatory and impeachment evidence material to the case. This duty extends to information known to law enforcement officers and other members of the prosecution team. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.*; *see also Barbee v. Warden, Md. Penitentiary*, 331 F.2d 842, 846 (4th Cir. 1964). The duty to disclose such evidence necessarily includes a duty to preserve it when the Government knows or reasonably should know of its existence. *See United States v. Foreman*, No. 2:10-CR-00026-H, 2011 WL 677270, at *4 (E.D.N.C. Feb. 15, 2011) (citing *Chavis v. North Carolina,* 637 F.2d 213, 222–23 (4th Cir. 1980)).

Additionally, section 9-5.004 of the U.S. Department of Justice's Justice Manual—while not binding—provides guidance on the Government's obligations regarding electronic communications. Among other things, it instructs that: prosecution team members should not use personal electronic devices to transmit case-related information; all team members must preserve substantive electronic communications for later review and possible disclosure; and all members of the prosecution team, including state and local officers, are responsible for making available to the prosecutor all potentially discoverable electronic communications. U.S. Dep't of Just., 9-5.000 - Issues Related To Discovery, Trials, And Other Proceedings, Justice Manual, https://perma.cc/Q3H7-P59J.

In this case, the use of personal devices with automatic deletion settings, combined with the Government's failure to meaningfully search those devices until prompted by David, are inconsistent with the Government's obligations under *Brady*, *Giglio*, and Rule 16. A forensic examination may be necessary to determine whether additional communications exist or can be

recovered.[2]

Accordingly, it is hereby **ORDERED**:

1. The Government shall file a written response to Defendant's motion to compel no later than June 11, 2026. The response shall (a) identify the steps necessary to conduct a forensic examination of the phones of all officers involved in the February 7, 2025 traffic stop and (b) provide an estimated timeline for completing such forensic examinations and determining whether the recovered material is discoverable.
2. Defendant shall have seven days from the filing of the Government's response to file a reply.
3. Defendant's motion to compel is taken under advisement until completion of briefing.
4. The hearing on Defendant's motion to suppress remains continued pending resolution of the discovery issues addressed herein.

Entered: June 5, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge

[2] We live in a digital age and communicate electronically both by voice and in writing. Because electronic information exists in many forms and in many places, reliance on memory or manually scanning a phone to look for relevant information is simply not sufficient to comply with preservation and discovery obligations. From time to time (or more often), compliance may require engaging expert forensic assistance.