CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 24, 2026
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:26-cr-00006** |
| | ) | |
| **MICHAEL ANTONIO DAVID, JR.** | ) | |

**<u>ORDER</u>**

Following this Court's prior order and opinion directing the Government to conduct a forensic extraction and requiring the parties to meet and confer regarding the scope of that extraction, the parties submitted a joint status report identifying areas of agreement and two remaining disputes. The parties agreed as to the type of extraction to be performed, seventeen devices of nine officers to be searched, and the applicable keyword limitations. They disagreed as to (1) the appropriate temporal scope of the searches and (2) whether four additional officers' phones should be subject to extraction. A hearing was held on these disputes, and this Order memorializes the Court's rulings.

I adopt the parties' agreed-upon protocol with respect to the type of forensic extraction, the seventeen devices to be searched, and the proposed keyword limitations. For the reasons stated on the record, I conclude that forensic extraction of the four additional officers' phones is not warranted. With respect to the temporal scope of the searches, except as otherwise provided, the forensic search shall encompass communications and other responsive data created between February 6, 2025, and February 16, 2025. However, the forensic search of Task Force Officer Stephen Foster's devices shall extend from February 6, 2025, through the date on which the United States formally elected to adopt and prosecute this matter federally.

The forensic extraction ordered herein establishes the minimum scope of the

Government's remedial search and does not define the full extent of the Government's continuing discovery obligations. The Government's obligations under Rule 16, *Brady*, *Giglio*, and the Jencks Act exist independently of, and are not coextensive with, the search protocol established by this Order. If the results of the extraction reveal the existence of additional discoverable information or reasonably indicate that further responsive materials exist, the Government must take appropriate steps to identify, obtain, review, and disclose such information as required by law. Compliance with the search parameters set forth in this Order alone does not necessarily satisfy the Government's ongoing constitutional and procedural discovery obligations.

It is so **ORDERED**.

Entered: July 24, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge