CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 3, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 7:26-cr-00006** |
| | ) | |
| **MICHAEL ANTONIO DAVID, JR.** | ) | |

**OPINION AND ORDER**

Defendant Michael Antonio David, Jr. moves this court to vacate Magistrate Judge C. Kailani's detention order pursuant to 18 U.S.C. § 3145(b), *see* Dkt. 32, and order David released from custody. Dkts. 81, 113. David's motion is **DENIED** and he is ordered to remain detained pending trial.

## I. BACKGROUND

On February 26, 2026, Judge Memmer ordered David detained pending trial, finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I have reviewed the evidentiary record, including the detention order, the detention hearing transcript, and the memoranda and exhibits filed by the parties.

## II. STANDARD OF REVIEW

When a magistrate judge orders the detention of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original detention order *de novo. See United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). The question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *Id.*

The court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and

the safety of any other person and the community." 18 U.S.C. § 3142(f). To secure pretrial detention, the government must establish either: (1) by clear and convincing evidence, that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence, that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *Stewart*, 19 F. App'x at 48. Ultimately, "[f]or pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48.

In determining whether conditions of release can reasonably assure the safety of the community or the defendant's appearance at future court proceedings, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and probation status at the time of the alleged offense; and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the community. 18 U.S.C. § 3142(g).

Additionally, "at some point, pretrial detention can 'become excessively prolonged, and therefore punitive,' resulting in a due process violation." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (quoting *United States v. Salerno*, 481 U.S. 739, 747 n.4 (1987)). "[I]n evaluating whether a due process violation has occurred, we weigh the following factors: (1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and

(3) the evidence supporting detention under the Bail Reform Act." *Id.* But "[t]he ultimate question is whether the Government has shown a nonpunitive, regulatory reason for detention and whether detention is excessive in relation to the regulatory purpose." *United States v. Bryant*, No. 3:04CR00047, 2006 WL 482430, at *4 (W.D. Va. Feb. 27, 2006) (citing *United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993)).

## III. ANALYSIS

After a careful de novo review of the evidentiary record and the arguments of counsel, I agree with Judge Memmer's conclusion that there are simply no conditions of pretrial release that would reasonably assure the safety of the community.

### A. Safety of the Community

First, the nature and circumstances of the offense weigh in favor of detention. David is charged with possessing a firearm after having sustained multiple felony convictions, including convictions reflecting drug trafficking and other serious criminal conduct. Officers initially stopped David for driving without a valid license, and after a K-9 alerted to the vehicle, officers searched the vehicle and recovered two pistols. The circumstances are particularly concerning because a minor was present in the vehicle when the firearms were discovered. These factors bear directly on the danger that David's release would pose to the community. *See United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985) (finding clear and convincing evidence of dangerousness where the defendants had histories of drug trafficking and weapons offenses and weapons were seized at the time of arrest).

Second, while the evidence is not without its weaknesses, the weight of the evidence as it bears on the detention determination is nevertheless significant. The officers recovered two firearms from the center console along with David's wallet. David was the sole driver of the

vehicle during the approximately two hours that officers observed him, and the other minor passenger denied knowing that the firearms were in the vehicle. In addition, the Government has proffered photographs and text messages indicating that David previously possessed firearms, although those firearms are not the same as those recovered from the vehicle. Although the vehicle was a rental registered in another person's name, and DNA testing on the firearms were inconclusive, these facts do not eliminate the substantial evidence bearing on David's present dangerousness.

Third, David's history and characteristics weigh heavily in favor of detention. David has sustained multiple serious felony convictions. His state convictions include possession of narcotics with intent to distribute, possession of a firearm while possessing narcotics, and eluding. In 2018, David sustained a federal felony conviction for possession with intent to distribute narcotics, and his supervision on that federal conviction was revoked three times. This record reflects more than isolated or remote criminal conduct; it demonstrates a recurring pattern of serious criminal activity. *See, e.g.*, *United States v. Riley*, 635 F. Supp. 3d 411, 418 (E.D. Va. 2022) (citation omitted) (finding that the defendant posed a danger to his community given his criminal history involving firearms and controlled substances). Even assuming, as David argues, that he is not a gang member, his criminal history and history of violent conduct independently support detention. The Government has proffered additional evidence of such conduct, including videos depicting David physically assaulting another individual. *See* Dkt. 85-7. Taken together with David's established criminal history, the evidence reinforces the conclusion that the risk posed by David's release is not speculative.

Fourth, the danger presented is especially serious because the charged conduct involves firearms allegedly possessed by a person prohibited from possessing them based on multiple

felony convictions. The allegations involve conduct that, if proven, would represent a continuation of the same general category of dangerous behavior reflected in David's criminal history.

Thus, considering and applying the factors laid out in 18 U.S.C. § 3142(g),[1] I conclude that the Government has satisfied its burden of proving by clear and convincing evidence that detention is necessary to reasonably assure the safety of any other person and the community.

**B. Length of Pretrial Detention**

David separately contends that the length of his pretrial detention violates the Due Process Clause. I disagree.

The length of detention is an important consideration in determining whether continued confinement remains regulatory or has become excessive. While there is no brightline rule under which detention becomes unconstitutional after a particular number of months, in cases where courts have found due process violations, the defendant has typically been held for over a year. *See, e.g.*, *United States v. Gonzalez Claudio*, 806 F.2d 334, 341–43 (2d Cir. 1986) (finding a constitutional violation where the defendants were estimated to remain in detention for eighteen months before trial began); *United States v. Ojeda Rios*, 846 F.2d 167, 168–69 (2d Cir. 1988) (finding a constitutional violation where the defendant had been in pretrial detention for over 32 months). Here, David was arrested and detained in February 2026, and trial is presently scheduled for December 2026. Assuming trial proceeds as scheduled, David will have been

[1] I have considered David's proposed release arrangements in the Pretrial Services Report and the initial detention hearing before Judge Memmer. However, David's proposed home plan does not provide reasonable assurances that David cannot obtain or possess firearms, which I find particularly important given his prior history of firearm possession and repeated violations of federal supervision.

detained for approximately ten months.[2] While that duration implicates a substantial liberty interest, it does not establish a due process violation standing alone. *See, e.g.*, *United States v. Bradley*, No. 3:16-CR-50008, 2020 WL 6703802, at *4–5 (W.D. Va. Nov. 13, 2020) (concluding that the defendant's detention was constitutional because he posed a significant flight risk even though he had been detained for nearly a year); *Bryant*, 2006 WL 482430, at *5 (finding that pretrial detention for nearly 19 months did not change the regulatory nature of the detention) (citation omitted); *United States v. Ward*, No. CR JKB-24-00313, 2025 WL 3251394, at *1 (D. Md. Nov. 21, 2025) (finding no constitutional violation where the defendant had been detained for approximately one year based on the strength of the evidence against the defendant and his risk of flight).

The remaining circumstances similarly do not establish a constitutional violation. While the Government acknowledges that its delay in locating and producing evidence resulted in the continuance of trial for approximately five months, this factor is not dispositive. As explained above, the § 3142(g) factors weigh in favor of finding that David presents a danger to the community that cannot reasonably be addressed through conditions of release. Further, the purpose of David's detention remains regulatory rather than punitive, and the detention is not excessive in relation to that regulatory purpose. Continued detention serves the same purpose that justified detention in the first place: protecting the community from a defendant whom the Court has found cannot safely be released under available conditions.

## IV. CONCLUSION

[2] David waived his rights under the Speedy Trial Act and consented to trial being set outside the 70-day time limit imposed under the Act. Dkt. 53.

It is **ORDERED** that David's Motion to Revoke Detention Order (Dkts. 81, 113) is **DENIED** and the Detention Order is **AFFIRMED**.

Entered: September 3, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge