IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case Number: 7:26-CR-00006 |
| | ) | |
| MICHAEL ANTONIO DAVID, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S CONSOLIDATED MOTION AND MEMORANDUM TO DISMISS INDICTMENT AND DISQUALIFY FIRST ASSISTANT UNITED STATES' ATTORNEY**

Motion to Dismiss and Disqualify

Defendant Michael Antonio David, Jr. ("David"), pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and other applicable law, through his appointed counsel, moves the Court to dismiss the Indictment (Doc. 24) against him and to disqualify Robert N. Tracci, Esq. ("Mr. Tracci") from continuing to participate directly or as a supervisor in this prosecution as First Assistant United States Attorney or in any other capacity. This Motion to Dismiss and Disqualify is based on the grounds set out in the Supporting Memorandum below.

Supporting Memorandum

Introduction

I. The Attorney General's Machinations

Former Attorney General Pamela Bondi's installation, designation, or appointment of Mr. Tracci as "Acting United States Attorney" in 2025 was a transparent trick to end run the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and the Federal Vacancies Reform Act, 5 U.S.C. § 3345-3349d ("FVRA"). The last bona fide, Senate-confirmed United States Attorney for the Western District of Virginia was Christopher Kavanaugh. In the wake of Mr.

Kavanaugh's resignation, the Attorney General in 2025 and 2026 undertook a series of cynical measures designed to avoid subjecting Mr. Tracci and others to senatorial scrutiny and confirmation.

These Executive branch games began in earnest in July 2025, when Attorney General Bondi appointed Bradley Gilbert, Esq., Interim United States Attorney under 28 U.S.C. § 546(a). On or about the same date Mr. Gilbert assumed office as Interim United States Attorney, Attorney General Bondi installed, designated, or appointed Mr. Tracci as First Assistant United States Attorney ("First Assistant").

The next round of maneuvers climaxed on August 20, 2025, when Mr. Gilbert resigned under pressure from the White House for, inter alia, reportedly refusing to demote without cause the industrious Zachary Lee, Esq., a long term trial lawyer based in Abingdon Division of the United States Attorney's Office. On the heels of Mr. Gilbert's forced resignation the Attorney General immediately designated Mr. Tracci "Acting United States Attorney," purportedly in keeping with 5 U.S.C. § 3345(a).

Some 210 days after Mr. Tracci supposedly became "Acting United States Attorney," the Attorney General on or about March 19, 2026, recognized him for the second time as First Assistant. Mr. Tracci continues to hold the First Assistant title. He operates as de facto United States Attorney for the Western District of Virginia, despite never having been nominated by the President nor confirmed by the Senate.

## II. The Indictment

Meanwhile, two weeks before Mr. Tracci reassumed the First Assistant mantle, the grand jury on March 5, 2026, returned the Indictment, charging David with a single count of unlawful firearms possession in violation of 18 U.S.C. § 922(g)(1). The Indictment appears to have been

signed by two persons: (1) the Foreperson of the grand jury; and (2) Mr. Tracci, as "Acting United States Attorney." Mr. Tracci apparently signed his own name a second time in a signature block for Matthew Miller, "Executive Assistant United States Attorney." (Doc. 34.)

## III. Controlling Constitutional And Statutory Provisions

The presidential appointment and senate confirmation process ("PAS" or "PAS Process") is mandated by the Appointments Clause, which provides that "Officers of the United States" must be nominated by the President and confirmed by the Senate, although Congress may authorize certain other "Inferior Officers." U.S. Const. art. II, § 2, cl. 2.

U.S. Attorneys are indisputably "officers" within the meaning of the Appointments Clause. Indeed, they are the top law enforcement officers in their respective judicial districts. Congress therefore requires U.S. Attorneys to undergo the PAS Process as a condition precedent to investiture. 28 U.S.C. § 541(a). Nonetheless, a qualified lawyer can assume a U.S. Attorney's role in an "interim" or "acting" capacity in the absence Senate confirmation under strictly defined, temporary terms and conditions without transgressing the Appointment Clause or FVRA. United States v. Eaton, 169 U.S. 331, 343 (1898) (recognizing that qualified persons may fill PAS officer's role in an interim or acting capacity without violating Appointments Clause for a ". . . limited time and under special and temporary conditions."). FVRA is ". . . the exclusive means for temporarily authorizing an acting official to perform the functions and duties of" a U.S. Attorney or other PAS officer. 5 U.S.C. § 3347(a); see United States v. Arthrex, 594 U.S. 1, 12 (2021).

Under FVRA, "If an officer of an Executive Agency . . . whose appointment to officer is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office," specified

subordinates can occupy the office in a temporary, acting capacity. 5 U.S.C. § 3345(a). In the case of United States Attorney's Offices, first in line is the departing U.S. Attorney's First Assistant. Id. at 3345(a)(1). First Assistants automatically are elevated to the position of Acting U.S. Attorney with no action required by the Executive or Judicial branches of government. See NLRB v. SW Gen., Inc., 580 U.S. 288, 305 (2017). An Acting United States Attorney may remain in that position for no more than 210 days. 5 U.S.C. § 3346(a).

Apart from FVRA, Congress in 28 U.S.C. § 546(a) established a method by which the Attorney General may appoint an "Interim U.S. Attorney." Id. ("[T]he Attorney General may appoint a United States attorney for the district in which the office of the United States attorney is vacant.") An Interim United States Attorney may serve no longer than 120 days. 5 U.S.C. § 546(d).[1]

IV. Case Law In The Last Twelve Months Applying The Appointments Clause And FVRA To First Assistants Purporting To Act As U.S. Attorneys.

The Executive branch machinations outlined above with respect to Mr. Tracci are consistent with the Office of the Attorney General's recent prosecutor shufflings and reshufflings elsewhere. Defendants have challenged the Attorney General's circumvention of the PAS Process in motions to dismiss their indictments and disqualify the First Assistant from exercising authority reserved for officers who have withstood the PAS Process. Several recent challenges are directly relevant to David's Motion to Dismiss and Disqualify.

Third Circuit

On December 1, 2025, the United States Court of Appeals for the Third Circuit disqualified President Trump's personal lawyer, Alina Habba, Esq., from continuing to serve as

Acting United States Attorney for New Jersey. United States v. Giraud, 160 F.4th 390, 407 (3d Cir. 2025).

On March 3, 2025, Attorney General Bondi appointed John Giordano "Interim U.S. Attorney for New Jersey" pursuant to 28 U.S.C. § 546(a), two months after the resignation of the last prosecutor to be nominated and seated in accordance with the PAS Process (Phillip Sellinger, Esq.). Much like Mr. Gilbert in the Western District of Virginia, Mr. Giordano resigned a few weeks later. The Attorney General responded by appointing Ms. Habba Interim U.S. Attorney. Under 28 U.S.C. § 546(a), as discussed above, interim appointments are term-limited to 120 days.

Towards the end of Ms. Habba's 120-day tenure, the United States District Court for the District of New Jersey entered an Order under 28 U.S.C. § 546(d) appointing First Assistant Desiree Grace Interim U.S. Attorney as Ms. Habba's successor. Giraud, 160 F.4th at 393-94. The district court's appointment was short lived. Attorney General Bondi promptly fired Ms. Grace and designated Ms. Habba First Assistant U.S. Attorney, ". . . which purported to mean that Ms. Habba automatically became Acting U.S. Attorney pursuant to the FVRA, 5 U.S.C. § 3345(a)(1)." Giraud, 160 F.4th at 396. A few weeks before their federal trials, several defendants challenged both the lawfulness of their indictments and the propriety of Ms. Habba supervising their prosecutions. The district court agreed with defendants that Ms. Habba was not a lawful Acting United States Attorney and disqualified her from overseeing their prosecutions, but declined to dismiss their indictments. United States v. Giraud, 795 F.Supp.3d 560 (D.N.J. 2025). The parties filed interlocutory cross appeals.

[1] Mr. Tracci has never been named Interim United States Attorney under 28 U.S.C. § 546(a). The Attorney General has designated Mr. Tracci as First Assistant and Acting United States Attorney under FVRA.

Assuming collateral order doctrine jurisdiction over the government's appeal, the United States Court of Appeals for the Third Circuit affirmed. Giraud, 160 F.4th at 406-07. (The court dismissed the defendants' cross appeal without prejudice on lack of jurisdictional grounds.) In disqualifying Ms. Habba, the Third Circuit rejected the Department of Justice's core argument that Ms. Habba was lawfully functioning as Acting U.S. Attorney under FVRA by virtue of her appointment as First Assistant.

> Habba is not the Acting U.S. Attorney for the District of New Jersey by virtue of her appointment as First Assistant U.S. Attorney because only the first assistant in place at the time the vacancy arises automatically assumes the functions and duties of the office of the FVRA. . . . Therefore, we will affirm the District Court's disqualification order.

Giraud, 160 F.4th at 406-07.

In arriving at this holding, the Giraud Court explicitly rejected the Department of Justice's position that Ms. Habba's brief stint as First Assistant following Mr. Sellinger's resignation as U.S. Attorney in January 2025 meant her putative apotheosis to Acting U.S. Attorney was consistent with the Appointments Clause and Section 3345(a)(1):

> The Government claims that Habba became Acting U.S. Attorney under the FVRA by virtue of the automatic first-assistant provision, 5 U.S.C. § 3345(a)(1), because the Attorney General designated her First Assistant U.S. Attorney on July 24, and the office of U.S. Attorney was vacant at that time. It challenges the District Court's holding that the FVRA permits a first assistant automatically to fill the vacant office only if the first assistant is already in that role at the time the vacancy occurs. The question, then, is whether an administration can appoint a new first assistant at any time during a vacancy in a PAS office (subject to the FVRA's time limits) and have that later-appointed first assistant automatically become the acting officer.

Giraud, 160 F.4th at 397 [internal citation omitted].

The Third Circuit answered the question presented in the negative based on the overall structure of the FVRA statutory scheme. The court of appeals correctly read Subsection (a)(1) of 5 U.S.C. § 3345 together with Subsections (a)(2) and (a)(3) of the same FVRA section. Read

together, the Giraud Court correctly observed, these FVRA subsections ". . . indicate that Congress intended to honor the Senate's advice-and-consent role, but also recognized a need for some flexibility in choosing an acting officer–so it cabined the pool of eligible people to those the Senate has already confirmed or those with experience within the agency." Giraud, 160 F.4th at 398.

Second Circuit

On August 21, 2026, the United States Court of Appeals for the Second Circuit echoed the Third Circuit in Giraud when it disqualified John A. Sarcone, Esq., from overseeing in several federal grand jury investigations and held he was not authorized to serve as Acting U.S. Attorney for the Northern District of New York. Like Mr. Tracci and Ms. Habba, Mr. Sarcone never underwent the PAS Process. Attorney General Bondi in 2025 appointed Mr. Sarcone Interim U.S. Attorney after the previous office holder resigned in the wake of President Trump's reelection in 2024. When Mr. Sarcone's 120-day term came to a close, the Attorney General redesignated him First Assistant. The Department of Justice took the position that Mr. Sarcone automatically became Acting U.S. Attorney during the vacancy in that office. The district court and Second Circuit disagreed, concluding Mr. Sarcone was not lawfully serving as Acting U.S. Attorney pursuant to the FVRA automatic promotion provision because he was not First Assistant when the U.S. Attorney's Office became vacant upon the post-election resignation of the last Senate-confirmed occupant (Carla Freedman, Esq.). In re Grand Jury Subpoenas to Off. of N.Y. Att'y Gen, 814 F. Supp. 3d 284, 288 (N.D.N.Y. 2026) affirmed 188 F.4th 595, 610 (2d Cir. 2026). The Second Circuit affirmed the district court's order disqualifying Mr. Sarcone from continuing to participate in the underlying investigations. 188 F.4th at 613-15.

Ninth Circuit

On August 17, 2026, in United States v. Jackson, 187 F.4th 1198 (9th Cir. 2026) the United States Court of Appeals for the Ninth Circuit aligned itself with the position of the Second and Third Circuits on this precise FVRA issue. Jackson concerned the Office of the U.S. Attorney for the District of Nevada, where a lawfully confirmed U.S. Attorney resigned in January 2025. Two months later Attorney General Bondi appointed Sigal Chattah, Esq., Interim U.S. Attorney pursuant to 28 U.S.C. § 546. Two days before Ms. Chattah's 120-day term ended, the Attorney General designated her simultaneously First Assistant and Acting U.S. Attorney. Jackson, 187 F.4th at 1202. Ms. Chattah operated as Acting U.S. Attorney for the ensuing 210 days, purportedly in keeping with 5 U.S.C. § 3345(a)(1).

Several defendants subsequently challenged their indictments and sought ". . . to disqualify Chattah and any Assistant U.S. Attorneys working under her supervision from prosecuting their cases. Defendants argued Chattah's appointment as the Acting U.S. Attorney violated FVRA and therefore that their indictments were invalid." Jackson, 187 F.4th at 1202. Each indictment was ". . . signed by an Assistant U.S. Attorney, not by Chattah herself, but each included her name in the signature block and identified her as the 'Acting United States Attorney.'" Id.

Affirming the district court's disqualification of Ms. Chattah to play any role in defendant's prosecution as direct participant or supervisor, the Ninth Circuit rejected the Department of Justice's reliance upon the FVRA ascension mechanism, Section 3345(a)(1). Because Ms. Chattah was not First Assistant at the time the vacancy arose, she never lawfully ascended to the Acting U.S. Attorney post, the court of appeals ruled.

> The government argues that when the Attorney General designated Chattah as the first assistant to the vacant office of U.S. Attorney, section 3345(a)(1)

> automatically elevated her to Acting U.S. Attorney. But section 3345(a)(1) does not apply to an official who, like Chattah, was not serving as the first assistant at the time the vacancy arose.

Jackson, 187 F.4th at 1203.

Affirming the District Court of Nevada's disqualification order, the Ninth Circuit aptly observed that the reasoning of Judge Campbell was consistent with the view of other courts called upon to address the Executive Branch's prolonged bypass of the Appointments Clause.

> The maneuvers used to extend Chattah's time atop the U.S. Attorney's Office are not unique to the District of Nevada. The Attorney General has employed similar—though not always identical—tactics to extend the service of other temporary appointees who have not been confirmed by the Senate. The district court's reasoning was consistent with that of the other courts to consider those tactics, every one of which has concluded that they violate the limits imposed by the FVRA.

Jackson, 187 F.4th at 1202-03.

Accord, United States v. Ramirez, et al., 2026 U.S. Dist. LEXIS 250772, *26 (Oct. 27, 2026, C.D. Cal.) (applying Jackson and declaring First Assistant appointed in 2025 after resignation of last U.S. Attorney in Central District of California to undergo PAS Process "is unlawfully serving as a 'de facto' United States Attorney, and is disqualified from participating in or supervising the prosecutions" of defendants challenging their indictments).

V. Mr. Tracci Violates The Appointments Clause And FVRA By Unlawfully Wielding Improper Authority Over The Government's Indictment And Ongoing Prosecution Of David.

The case at bar is much like the decisions from the Second, Third and Ninth Circuits discussed supra. Mr. Tracci has never been nominated by the President nor confirmed by the Senate. No bureaucratic titles or sleights of hand can overcome Mr. Tracci's failure to undergo the PAS Process.

When Attorney General Bondi appointed Mr. Tracci to become Mr. Gilbert's First Assistant in July 2025, the Office of the United States Attorney for the Western District of Virginia was vacant. It remains vacant. Mr. Tracci never became Acting U.S. Attorney by operation of 5 U.S.C. § 3345(a)(1) or any other statutory exception to the Appointments Clause.

Section 3345(a)(1) does not apply. Mr. Tracci was not appointed First Assistant when the last Senate-confirmed U.S. Attorney for the Western District of Virginia (Mr. Kavanaugh) held office. And since March 19, 2026, Mr. Tracci, calling himself "First Assistant U.S. Attorney," has continued to act improperly as de facto United States Attorney. United States v. Jackson, 187 F.4th 1198, 1214 (9th Cir. 2026) ("As a preliminary matter, the government argues that Chattah was delegated authority 'in her capacity as First Assistant U.S. Attorney.' This designation does not affect our analysis of Ms. Chattah's delegated powers. The title of 'first assistant' was created by regulation in 1999 in response to the passage of the FVRA. *Organization of the Department of Justice*, 64 Fed. Reg. 6526 (Feb. 10, 1999) (codified at 28 C.F.R. § 0.137). The only function of the first assistant *qua* first assistant is to be the Acting U.S. Attorney in the event of a vacancy. *See* 28 C.F.R. § 0.137(b). As explained above, Ms. Chattah cannot do this, so her designation as 'first assistant' is not meaningful here.").

## VI. The Court Should Dismiss Or Nullify David's Indictment.

Particularly since Mr. Tracci unlawfully signed the Indictment as "Acting United States Attorney," the appropriate remedy here is dismissal or nullification of that charging instrument. See United States v. Comey, 810 F. Supp. 3d 768, 786 (E.D. Va. 2025) ("Having found that Ms. Halligan's appointment [as Interim U.S. Attorney] violated 28 U.S.C. § 546 and the Appointments Clause and that dismissal of Mr. Comey's indictment is warranted . . . . I will invalidate the *ultra vires* acts performed by Ms. Halligan and dismiss the indictment without

prejudice, returning Mr. Comey to the status he occupied before being indicted.”);[2] United States v. James, 810 F. Supp. 3d 752, 767 (E.D. Va. 2025) (same); see also United States v. Naviwala, 825 F. Supp. 3d 451, 527-29 (D.N.J. 2026) (dictum) (questioning reasoning of the several courts which have declined to dismiss indictments signed or overseen by prosecutors disqualified for unlawfully as Acting U.S. Attorneys).

VII. The Court Should Disqualify Mr. Tracci From Participating Further In The Government's Prosecution Of David Or Supervising Others Involved In That Prosecution.

Mr. Tracci has participated directly and indirectly in the Department of Justice's prosecution of David since its inception. The face of the Indictment manifests his direct involvement. The Indictment bears his ultra vires signature as “Acting United States Attorney.”

In the aftermath of David's exposure of discovery misconduct by the ATF Task Force Officer/Case Agent Stephen Foster with respect to law enforcement officers' cell phone communications (Doc. 77),[3] Mr. Tracci insists on *directing* the litigation. Front line prosecutor John Beamer, Esq., explained to David's appointed counsel that Mr. Tracci is involved (along with others in the office hierarchy) directly in all significant litigation-related decisions, including plea negotiations. Tracci is very much in charge of this case, Mr. Beamer made clear.[4]

---

[2] Judge Currie's twin Opinions in Comey and James did not involve 5 U.S.C. § 3345 or other FVRA provisions.

[3] See Court's Memorandum Opinion of June 30, 2026, Doc. 77, page id#: 470 (calling the ATF Task Force “. . . to task for its wholly inadequate effort to identify and review potentially relevant and discoverable communications among officers related to the stop and arrest of David . . . .”).

[4] Counsel ascribes no misconduct or bad faith to Mr. Beamer. Nor does defense counsel suggest Mr. Beamer abetted the Case Agent's discovery misconduct and wholesale memory lapses about Roanoke City police officers' communications on their personal cellphones about their stop and arrest of David. (See Mot. Hr. Tr., 6/4/26, pp. 54-70; Doc. 73.)

## Conclusion

For the reasons stated above, Defendant Michael Antonio David, Jr., respectfully moves that the Court grant the foregoing Motion to Dismiss and Disqualify and afford him the following relief:

1. Declare that Robert Tracci was not lawfully "Acting United States Attorney" at any point, including March 5, 2026, the date of the Indictment.

2. Declare that the Indictment is invalid, ultra vires, or otherwise unlawful.

3. Dismiss the Indictment with prejudice. Alternatively, dismiss the Indictment without prejudice.

4. Disqualify Mr. Tracci from participating directly or indirectly in any further prosecution of the charge alleged in the Indictment in any capacity and bar him from supervising others in the U.S. Attorney's Office in their prosecution of David.

5. Accord David such further relief as the Court finds appropriate, including placing him on pre-trial release conditions while this Motion to Dismiss and Disqualify is pending and after any dismissal of the Indictment.

MICHAEL ANTONIO DAVID, JR.

By: /s/Paul G. Beers
Of Counsel

Paul G. Beers (VSB # 26725)
Glenn, Feldmann, Darby & Goodlatte
111 Franklin Road, S.E., Suite 200
P. O. Box 2887
Roanoke, Virginia 24001-2887
Telephone (540) 224-8035
Facsimile (540) 224-8050
Email: pbeers@glennfeldmann.com
Counsel for Defendant

Certificate of Service

I hereby certify that on November 12, 2026, I electronically filed the foregoing Defendant's Consolidated Motion and Memorandum to Dismiss Indictment and Disqualify First Assistant United States' Attorney with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Paul G. Beers
Paul G. Beers